IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA HUFF, | ) |
|        Plaintiff, | ) |
| v. | ) |
| | ) Case No.: 1:19 –cv-04268 |
| SOS CHILDREN'S VILLAGES, ILLINOIS, | ) |
|        Defendant. | ) |

**DEFENDANT'S MOTION FOR PARTIAL JUDGEMENT AS A MATTER OF LAW**

Defendant, SOS Children's Villages, Illinois (hereinafter "SOS"), moves this Court, under Rule 50 of the Federal Rules of Civil Procedure, to grant judgement in its favor, as a matter of law, with respect to Plaintiff's alleged damages. Judgement as a Matter of Law is appropriate when a party has been fully heard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. In support of its Motion for Partial Judgment as a Matter of Law (the "Motion"), SOS states as follows:

**I.    INTRODUCTION**

Plaintiff, Gina Huff, was employed as Director of Programs and Services for Defendant, SOS Children's Villages Illinois (hereinafter "SOS"), from approximately July 20, 2017 to August 15, 2018. Plaintiff's job duties included but were not limited to: interviewing and hiring of employees, (*See* Dkt. No. 37, ¶ 8), ensuring that her subordinates properly and in a timely manner entered their respective note(s) (*Id.*), approving her subordinates' time off requests (*Id*), ensuring that internal transfers were completed (*Id.*), approving her subordinates' overtime (*Id*), and ensuring mistakes are not made. *Id.* On August 14, 2018, Plaintiff faxed a letter to former SOS Director of Licensing and Talent Management, Nichole Robinson-Anyaso (*See* Plaintiff Exhibit No. 23), indicating that

she was out sick and requested that Ms. Robinson-Anyaso follow up with Plaintiff's physician. Accompanied with the letter was a doctor's note from Plaintiff's physician, Dr. Samara Taher (*See* Plaintiff Exhibit No. 3). The doctor's note provided that Plaintiff was evaluated by Dr. Taher on August 10, 2018 and Plaintiff would need to rest by laying down in a dark, quiet room due to headache syndrome. The note further provided that such syndrome may require Plaintiff to leave work early up to twice per week and that she may return to work without restrictions once symptoms improve. The note then instructed SOS' HR Department to fax any paperwork required. As such, Plaintiff alleges that the fax to Ms. Robinson-Anyaso, accompanied with the doctor's note, constituted a request for intermittent leave under the FMLA to which she was entitled.

## II. ARGUMENT

In her complaint filed June 25, 2019, Plaintiff alleges that Defendant retaliated against and/or interfered with her right to intermittent leave under the FMLA. Specifically, Plaintiff maintains that she would not have been terminated absent her request for leave. Throughout the course of litigation, it remains undisputed that Plaintiff was eligible for leave under the FMLA. Employees are eligible for leave if they have worked for their employer at least 12 months, at least 1,250 hours over the past 12 months, and work at a location where the company employs 50 or more employees within 75 miles. 29 CFR § 825.110(a). However, the question before this Court is whether Plaintiff was entitled to FMLA leave. Assuming *arguendo* that Plaintiff was, in fact, entitled to intermittent leave under the FMLA, Defendant submits that it could and would have subsequently terminated Plaintiff's employment and is thus entitled to judgement as a matter of law with respect to Plaintiff's alleged damages.

### A. **Plaintiff Would Have Been Terminated With or Without Her Need For Intermittent FMLA Leave.**

Although Plaintiff's right to reinstatement following intermittent leave is not an issue before this Court, it is important to consider such issue when examining *why* Plaintiff was terminated (emphasis added). As a general rule, on return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence. 29 CFR § 825.214. However, the right to reinstatement is not absolute or unlimited.

The FMLA provides a number of limitations to the right to reinstatement that are available to employers under certain circumstances. One limitation, of particular relevance in this instance, is set forth in subsection (c) of 29 C.F.R. § 825.216, which states:

> "If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition or an injury or illness also covered by workers' compensation, the employee has no right to restoration to another position under the FMLA. The employer's obligations may, however, be governed by the Americans with Disabilities Act (ADA), as amended…"

The Seventh Circuit has also noted and applied this limitation where an employee exhibited an inability to perform the essential functions of his or her position. The Court in *Kohls v. Beverly Enters. Wis., Inc.* also noted that an employee's right to reinstatement following FMLA leave is not absolute. *Kohls,* 259 F.3d 799, 804 (7th Cir. 2001). The Court further noted that the FMLA allows an employer to "refuse to restore an employee to their former position when restoration would confer a 'right, benefit, or position of employment' that the employee would not have been entitled to if the employee had never left the workplace." *Id.* at 805. In other words, an employee is not entitled to return to her prior position if she would have been demoted or terminated

regardless of whether she took FMLA leave. See *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 978 (7th Cir. 2008). For instance, "an employee may be fired for poor performance when she would have been fired for such performance even absent her leave." *Kohls*, 259 F.3d at 805.

Defendant submits that Plaintiff was unable to perform the essential functions of the Director of Programs and Services position, regardless of her need for leave. Plaintiff's inability to perform the essential functions of her position is noted in the litany of performance related issues throughout the course of her employment with SOS. Specifically, Plaintiff's failure to follow up and/or communicate, ensure child safety and maintain relief/foster parent relationships, as well as her failure to properly document and follow billing protocol are all indicative of an inability to perform the essential functions of her position. Such performance issues are directly correlated to the key functions of the Director of Programs and Services position, and thereby, vital to the effective operation of SOS. As a non-profit, child welfare agency that serves children in foster care and at-risk youth in communities surrounding its sites, SOS requires the full commitment and ability of its employees to adequately perform their work. Thus, Plaintiff's consistent failure to perform the functions of her job would have resulted in her termination absent her need for FMLA leave and thereby eliminates the right to reinstatement as a matter of law.

**B. Plaintiff is Not Entitled to Damages as a Matter of Law.**

Plaintiff seeks lost wages and benefits (i.e. back pay), as well as liquidated damages. However, Plaintiff has failed to establish that she would not have been terminated absent her alleged request for intermittent FMLA leave and is thus not entitled to either form of damages.

Section 2617 provides no relief unless the plaintiff can prove that he was prejudiced by the violation. 29 U.S. Code § 2617. The Seventh Circuit has also held that a plaintiff may not collect damages for periods of time in which he otherwise would have been unable to work for the

company. *Flowers v. Komatsu Mining Sys., Inc.*, 165 F.3d 554, 557-58 (7th Cir. 1999). An employee also has no right to reinstatement and, therefore, damages if, at the end of his twelve-week period of leave, he is either unable or unwilling to perform the essential functions of his job. See 29 C.F.R. § 825.214(b); *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 332 (1st Cir. 2005). It should also be noted that the FMLA does not mandate that employees be paid for their leave. Specifically, the FMLA only mandates that eligible employees shall receive up to twelve (12) work-weeks of leave during any twelve (12) month period and is void of any mandates to paid leave during the twelve week period. 29 U.S. Code § 2617 (c).

Here, Plaintiff is not entitled to damages for lost wages and benefits because she would have been terminated absent her alleged request for intermittent FMLA leave. Specifically, Plaintiff would have been terminated for her consistent failure to perform the essential functions of her position as the Director of Programs and Services, as outlined above, even if she had taken leave. Plaintiff is also not entitled to liquidated damages due to failure to establish that Defendant acted unreasonably or in bad faith. *Dallefeld v. Clubs at River City, Inc.*, 2017 U.S. Dist. LEXIS 170497 (C.D. Ill. 2017) (noting that liquidated damages require a finding that Defendant acted unreasonably or in bad faith). Plaintiff's mere speculation that she was terminated unreasonably and/or in bad faith, namely due to requesting intermittent FMLA leave, is not supported by the evidence. What is supported by the evidence, however, is the existence of an at-will employment relationship between Plaintiff and Defendant, consistently poor job performance, and a decision to terminate Plaintiff's employment as a result of such inadequate performance. As such, Plaintiff is not entitled to lost wages and benefits or liquidated damages as a matter of law.

### III. CONCLUSION

**WHEREFORE**, for the reasons set forth above, Defendant, SOS Children's Village of Illinois, respectfully requests that (1) this Court grant Defendant's Motion for Partial Judgement as a Matter of Law and (2) grant any such other relief this Honorable Court deems just and proper.

Dated: October 21, 2022                             **SOS CHILDREN'S VILLAGES, ILLINOIS**

                                                    By: */s/ Treyana Burris*_____
                                                        One of the Attorneys for Defendant

Mark F. Wolfe, Esq.
Treyana Burris, Esq.
**TRAUB LIEBERMAN
STRAUS & SHREWSBERRY LLP**
303 W. Madison St., Suite 1200
Chicago, IL 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mwolfe@tlsslaw.com
tburris@tlsslaw.com

**CERTIFICATE OF SERVICE**

    I, Marlene Mondragon, a non-attorney, certify this document was served electronically with the United States District of Northern Illinois on October 21, 2022, and all counsel of record was notified via electronic service through the CM/ECF filing system.

                                                               /s/Marlene Mondragon
                                                               Marlene Mondragon