IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GINA HUFF, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 1:19 –cv-04268 |
| SOS CHILDREN'S VILLAGES, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION FOR JUDGEMENT AS A MATTER OF LAW

Defendant, SOS Children's Villages, Illinois (hereinafter "SOS"), moves this Court, under Rule 50 of the Federal Rules of Civil Procedure, to grant judgement as a matter of law in favor of SOS. Judgement as a Matter of Law is appropriate when a party has been fully heard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. In support of its Motion for Judgment as a Matter of Law (the "Motion"), SOS states as follows:

1. Following the filing of Plaintiff's Complaint on June 25, 2019, a jury trial commenced on October 18, 2022 before the Honorable Judge Robert M. Dow, Jr.

2. Plaintiff, Gina Huff, alleges that SOS retaliated against her when she requested leave pursuant to the Family Medical Leave Act (the "FMLA") or attempted to interfere with her rights/benefits pursuant to the FMLA. SOS denied, and continues to deny, the allegations set forth in Plaintiff's Complaint.

3. Plaintiff was employed as the Director of Programs and Services of SOS' Chicago Village from July 20, 2017 until August 15, 2018.

4. While employed as the Director of Programs and Services, Plaintiff was an employee at-will.

5. At several points throughout the course of her employment, Plaintiff's performance was found to be inadequate.

6. In the months leading up to her termination, Plaintiff was counseled by her immediate supervisor, Delphine Rankin, about her ongoing performance issues including, but not limited to the issuance of two (2) written warnings on July 13, 2018.

7. Included in one (1) of the Employee Warning Notices provided to Plaintiff, is reference to a Performance Improvement Plan (PIP) to be issued on or before July 20, 2018.

8. However, Plaintiff refused to sign and attached grievances to the written warnings, which were subsequently investigated by a neutral, third party organization at Plaintiff's request.

9. Since the investigation did not reveal any actionable conflict, SOS Chief Executive Officer, Timothy McCormick, advised Plaintiff and Ms. Rankin on August 6, 2018 to work together to seek a resolution that will best provide support and care for SOS Village Children and other at-risk youth in the community.

10. On August 8, 2018, Ms. Rankin met with Plaintiff to discuss communication challenges and to present the PIP originally referenced in the July 13, 2018 Employee Warning Notice.

11. Plaintiff refused to accept the PIP, despite having prior knowledge of its forthcoming and Ms. Rankin's progressive counseling efforts.

12. On August 9, 2018, Ms. Rankin spoke with SOS Director of Licensing and Talent Management, Ms. Robinson-Anyaso, about the outcome of Ms. Rankin's meeting with Plaintiff on August 8, 2018.

13. The purpose of their meeting was to discuss ways to improve communication between Ms. Rankin and Plaintiff, and to discuss the PIP issued on August 8, 2018.

14. Ms. Rankin advised Ms. Robinson-Anyaso that Plaintiff refused to accept the PIP, as well as the prior two (2) written warnings, despite the resolved grievance following a neutral, third-party investigation.

15. Ms. Rankin further advised Ms. Robinson-Anyaso of Plaintiff's ongoing poor performance, poor attitude, and unprofessional response to the resolution of her grievance and PIP.

16. Ms. Rankin and Ms. Robinson-Anyaso subsequently concluded, in their professional capacities, that Plaintiff was unwilling to perform the essential functions of her position as Director of Programs and Services, was unlikely to improve, and that it was in the best interest of SOS to terminate Plaintiff's employment.

17. On August 13, 2018, Ms. Rankin provided documentation to Ms. Robinson-Anyaso to support their recommendation of termination to Mr. McCormick, per SOS policy.

18. On that same date, Ms. Robinson-Anyaso presented the recommendation of termination to Mr. McCormick, to which he agreed and approved.

19. Mr. McCormick further advised Ms. Robinson-Anyaso to contact SOS' *pro bono* legal counsel, Laurie Holmes, to discuss the details of the termination, as per SOS' customary practices involving employee terminations.

20. On August 14, 2018, before Ms. Robinson-Anyaso spoke with SOS' *pro bono* legal counsel, she received a fax from Plaintiff with a doctor's note dated August 10, 2018.

21. The doctor's note was the first and only document SOS received regarding Plaintiff's alleged headache syndrome, as well as the first and only request made to SOS for an accommodation due to such headaches.

22. Insofar as the decision to terminate Plaintiff was already made, Ms. Robinson-Anyaso proceeded to contact and confer with SOS' *pro bono* legal counsel about the details of Plaintiff's termination, as planned.

23. On August 15, 2018, after conferring with counsel, Ms. Robinson-Anyaso called Plaintiff to inform her that her employment with SOS was terminated.

24. At no time prior to Mr. McCormick's approval of termination, and Ms. Rankin and Ms. Robinson-Anyaso's recommendation, was SOS aware of Plaintiff's alleged request for intermittent leave pursuant to the FMLA and thus the decision to terminate was based entirely on Plaintiff's poor job performance and poor attitude.

25. As such, there is no legally sufficient evidentiary basis exists to support a finding that (1) SOS retaliated against Plaintiff when she requested leave pursuant to the FMLA or (2) that SOS attempted to interfere with her rights/benefits pursuant to the FMLA.

26. There is also no legally sufficient evidentiary basis that Plaintiff was meeting SOS' performance expectations at the time of her termination.

27. There is also no legally sufficient evidentiary basis that any similarly situated SOS employee was treated dissimilarly from Plaintiff.

28. For the reasons set forth above, SOS is entitled to judgment as a matter of law.

WHEREFORE, Defendant respectfully requests that this Honorable Court 1) grant judgment as a matter of law in favor of Defendant, SOS Children's Villages Illinois, and 2) grant any other relief deemed just and appropriate by this Court.

Dated: October 21, 2022							SOS CHILDREN'S VILLAGES, ILLINOIS

By: */s/ Treyana Burris*_____
    One of the Attorneys for Defendant

Mark F. Wolfe, Esq.
Treyana Burris, Esq.
**TRAUB LIEBERMAN**
**STRAUS & SHREWSBERRY LLP**
303 W. Madison St., Suite 1200
Chicago, IL 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
mwolfe@tlsslaw.com
tburris@tlsslaw.com

## **CERTIFICATE OF SERVICE**

    I, Marlene Mondragon, a non-attorney, certify this document was served electronically with the United States District of Northern Illinois on October 21, 2022, and all counsel of record was notified via electronic service through the CM/ECF filing system.

                                                /s/Marlene Mondragon
                                                Marlene Mondragon